**Francisco VALDEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46852.**

Court of Criminal Appeals of Texas.

March 27, 1974.

Carlos F. Vela, Harlingen, for appellant.

Fred Galindo, Dist. Atty., Menton Murray, Jr., Asst. Dist. Atty., Brownsville, Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

The conviction was for statutory rape; plea of guilty before the court; the punishment five (5) years.

Although appointed counsel in his brief denominates this as a frivolous appeal, he was not able to locate appellant to furnish him a copy of his brief to enable him to file a pro se brief, if he so desired, in compliance with Anders v. California, 386 U.S. 738; 87 S.Ct. 1396, 18 L.Ed.2d 493, and Gainous v. State, Tex.Cr.App., 436 S.W.2d 137. Counsel nevertheless presents questions of law for the consideration of this Court.

The case involved sexual relations between appellant and a 13 year old girl, alleged to have occurred on April 6, 1972. On July 7, 1972, the case was called for trial. Valdez plead guilty and asked for

probation. The prosecuting attorney recommended probation, but the court assessed the punishment at 5 years without probation, and so sentenced appellant on August 17, 1972.

 No question is raised as to the sufficiency of the evidence, and, having read this record, we find it entirely sufficient and that the waivers and procedure were adequate.

Before accepting the plea of guilty, the court explained to appellant his right not to plead guilty, informed him fully as to the range of punishment, and, even though probation was recommended by the District Attorney, the court was not obliged to follow the recommendation. The court further ascertained from appellant that he understood the charge against him and, after consulting with his lawyer, he believed himself to be guilty, and was still pleading guilty. We quote from the record as follows:

"MR. VALDEZ: I am still pleading guilty.

"THE COURT: Well, are you pleading guilty because you are actually guilty or has anyone done anything to you, threatened you in any manner, or induced you in anyway to plead guilty when actually you are not guilty? Do you understand the facts and after consulting with your lawyer, you believe yourself guilty of that charge? Is that what I understand you to say?

"MR. VALDEZ: Yes, sir."

After further explanation he again twice assured the court that he was pleading guilty.

The record reveals that the plea of guilty was understandingly and voluntarily made, and we consider the warnings and admonitions to be in substantial compliance with Art. 26.13, Vernon's Ann.C.C.P. Mitchell v. State, Tex.Cr.App., 493 S.W.2d 174; Espinosa v. State, Tex.Cr.App., 493 S.W.2d 172.

The contention of appellant is that he plead guilty in the expectation of receiving probation, since the District Attorney had agreed to so recommend. Such recommendation was made, but the court rejected it.

Although it is not required (Brown v. State, Tex.Cr.App., 478 S.W.2d 550), the court had specifically explained before the plea of guilty was made and accepted that the court was not bound by recommendations.

The fact that appellant may have plead guilty as a result of plea bargaining in the hope of escaping the possibility of a higher sentence did not invalidate the plea. Reyna v. State, Tex.Cr.App., 478 S.W.2d 481, and cases cited.

We conclude that no error is shown and affirm the judgment.

ONION, P. J., dissents.

Opinion approved by the Court.