**Ex parte Curtis Lee STEWART.**

**No. 59778.**

Court of Criminal Appeals of Texas, Panel No. 1.

June 13, 1979.

Carol S. Vance, Dist. Atty. and Douglas M. O'Brien, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

OPINION

W. C. DAVIS, Judge.

This is an application for a writ of habeas corpus filed pursuant to Article 11.07, Vernon's Ann.C.C.P.

On October 6, 1976, petitioner was convicted of the offense of robbery (Cause No. 247800). The jury found as "true" the two enhancement paragraphs in the indictment, and, accordingly, punishment was assessed at life imprisonment.

■ Petitioner filed an application for writ of habeas corpus, contending that his prior 1970 conviction for robbery by assault, alleged for enhancement purposes, was void since that conviction was based upon a fatally defective indictment. In *Ex parte Canady*, 563 S.W.2d 266 (Tex.Cr.App.1978), we held that an indictment for robbery under the old penal code was fundamentally defective for failure to describe the property

allegedly taken as more than "corporeal personal property." Such is the case in the 1970 indictment upon which petitioner was convicted and which conviction formed the basis of one of the enhancement paragraphs in petitioner's 1976 robbery conviction (No. 247800). See also *Mankin v. State*, 451 S.W.2d 236 (Tex.Cr.App.1970).

Since this prior conviction is void as based upon a fatally defective indictment, it is unavailable for enhancement purposes as in the case of any void prior conviction. See *Ex parte Rivers*, 559 S.W.2d 659 (Tex. Cr.App.1977) and cases cited therein.

Under the provisions of V.T.C.A. Penal Code, Section 12.42(d), a life sentence was assessed by the court because the jury found appellant had previously been convicted of two felony offenses. With one valid prior conviction, punishment could have been assessed under V.T.C.A. Penal Code, Section 12.42(c), which provides for a range of punishment of life or a term of years not more than 99 or less than 15. Since we cannot presume what punishment the jury would have assessed under Section 12.42(c), supra, it follows that petitioner is entitled to a new trial. *Bray v. State*, 531 S.W.2d 633 (Tex.Cr.App.1976).

The relief is granted; the conviction for robbery in this cause (No. 247800) is set aside and the indictment is ordered dismissed.