Gary Don SHANNON, Appellant,

v.

The STATE of Texas, Appellee.

No. 296–84.

Court of Criminal Appeals of Texas, En Banc.

April 30, 1986.

Charles Caperton, Dallas, for appellant.

Henry Wade, Dist. Atty. and Anne B. Wetherholt, Molly Meredith and Randy Isenberg, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was charged by indictment with the offense of delivery of a controlled

substance, to-wit: diazepam, in an amount over 400 grams. It is undisputed that appellant agreed to plead guilty in exchange for the State's agreement to recommend reduction of the charge to possession of over 400 grams of diazepam and to recommend two years confinement in the Texas Department of Corrections. In accordance with this plea bargain, the appellant on January 25, 1983, entered a plea of guilty to possession of diazepam and was sentenced to two years confinement in the Texas Department of Corrections.

On appeal, the Dallas Court of Appeals, in an unpublished opinion, reversed the conviction and remanded the case for reassessment of punishment only. *Shannon v. State*, (Tex.App.—Dallas, No. 05–83–00191–Cr, delivered January 30, 1984). We granted the State's petition for discretionary review to determine whether the court of appeals erred in holding that the appropriate remedy for an unenforceable plea bargain occasioned by this Court's holding in *Ex Parte Crisp*, 661 S.W.2d 944 (Tex.Cr. App.1983), is to remand the cause for reassessment of punishment only. Because we believe that fairness requires withdrawal of the plea, we will reverse the court of appeals.

Appellant attacked his conviction and sentence, relying upon *Crisp*, supra. Under the pre-amendment law, possession of diazepam was a Class A misdemeanor with a maximum punishment of one year confinement in the county jail. The Dallas Court of Appeals sustained appellant's contention that the two year penitentiary sentence was unauthorized by law and remanded the case to the trial court for resentencing in accordance with the pre-1981 amendment law. Appellant did not file a petition for discretionary review.[1]

The State argues that since this was a negotiated plea, the proper remedy is to remand the case to the trial court, putting both parties back in their original positions before the negotiated plea.

Both the United States Supreme Court and this Court have acknowledged the validity of plea bargaining under our current system of criminal justice. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). See also *Mabry v. Johnson*, 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984); *Ex Parte Burton*, 623 S.W.2d 418 (Tex.Cr.App.1981); *Bass v. State*, 576 S.W.2d 400 (Tex.Cr.App.1979).

*Brady*, supra, appears to be the seminal case regarding the constitutionality of negotiated pleas. While it is true that strict contractual principles, without regard to due process, should not be blindly applied to negotiated pleas, the Supreme Court has often spoken of mutual benefit. See generally, *Mabry*, supra, and cases cited therein. In *Brady*, the Court specifically refused to hold that "it is unconstitutional for the State to extend a benefit to a defendant who in turn extends a substantial benefit to the State." *Brady*, 397 U.S. at 753, 90 S.Ct. at 1471. In *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the Court spoke of 'mutuality of advantage.' Clearly, an exchange of benefits is constitutional. Moreover, if the exchange fails, for whatever reason, the defendant is entitled to either specific performance of the plea, or, withdrawal of the plea, depending upon the circumstances. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Ex parte Burton*, supra; *Joiner v. State*, 578 S.W.2d 739 (Tex.Cr.App.1979). When a defendant attacks a conviction based upon a plea bargain, he attacks the benefit bestowed upon him (normally a reduced sentence) and seeks to withdraw from his end of the bargain.

The court of appeals, in holding that appellant was entitled to resentencing, relied on a long line of precedent establishing that, when an error relates only to punish-

---

1. Initially we note an issue which is not before the Court and which therefore will not be decided. The appellant challenged the voluntariness of his plea by challenging the admonishments given. While the court of appeals agreed that the admonishments were improper, it decided that the appellant had failed to show harm. See *Fuentes v. State*, 688 S.W.2d 542 (Tex.Cr.App. 1985); *Hurwitz v. State*, 700 S.W.2d 919 (Tex.Cr. App.1985.)

ment and punishment was assessed by the trial court, a defendant is entitled solely to resentencing and not to a new trial. *Ex parte Stewart,* 582 S.W.2d 144 (Tex.Cr. App.1979); *Bullard v. State,* 548 S.W.2d 13 (Tex.Cr.App.1977); *Ramirez v. State,* 527 S.W.2d 542 (Tex.Cr.App.1975). In applying this principle of law, this Court has never before distinguished the "negotiated guilty" plea from either "not guilty" pleas or "guilty" pleas without a recommendation. We take this opportunity to do so now.

In this case the conviction is based upon a plea bargain and the punishment assessed is an integral part of the agreement to plead guilty. The idea that error is "punishment error" only is incompatible with the negotiated plea and we therefore disavow such analysis in this specific area. When a defendant attacks the sentence he received, *and for which he bargained,*[2] he is attacking the entire judgment of conviction. To permit resentencing in this situation is to bind only one party to the agreement. This is neither logical nor fair.

In the case sub judice an agreement, fair on its face when executed, has become unenforceable due to circumstances beyond the control of either party to the agreement. As the Supreme Court stated in *Brady,* a plea must stand *unless* there is misrepresentation by the State, which includes unfulfilled or unfulfillable promises. *Brady,* supra, 397 U.S. at 755, 90 S.Ct. at 1472.

The agreement to plead guilty to possession of diazepam, a *felony,* and the recommendation for two years confinement in the penitentiary is unfulfillable since possession of diazepam was a misdemeanor under pre-amendment law. Since the appellant sought relief from the agreement, we see no reason why the State should be bound to its recommendation of reduction of the charge to a misdemeanor.

We believe that such a result is constitutionally appropriate and in fact has been approved by the Supreme Court. In *Santobello,* supra, the defendant had plead to a lesser charge in exchange for an agreement by the prosecution not to make a recommendation on punishment. When the Court invalidated the plea, it noted in a footnote that, should the defendant be permitted to withdraw his plea, he would replead to the *original charge,* not the reduced charge. *Santobello,* supra, 404 U.S. at 263 n. 2, 92 S.Ct. at 499 n. 2. This is consistent with our determination of the issue presented here.

We hold, therefore, that when a defendant, who has entered a negotiated plea of guilty, challenges the conviction and is successful, the appropriate remedy is specific performance of the plea, if possible, or, if not, withdrawal of the plea, with both parties, *including the State,* returned to their original positions.

The judgment of the court of appeals is reversed and the cause is remanded to the trial court with orders that the trial court withdraw appellant's plea and that appellant replead to the indictment in cause no. F–82–81097–PR.

IT IS SO ORDERED.

CLINTON, Judge, dissenting.

The majority appears to proceed upon the dubious premise that sauce for the goose is necessarily sauce for the gander. The point is not so much that the "exchange of benefits is constitutional," at p. 851, as that it is not *un*constitutional, unless, *inter alia,* the State reneges on some promise upon which appellant's consent was conditioned.

"This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the

---

**2.** All emphasis is supplied by the author of this opinion unless otherwise indicated.

inducement or consideration, such promise must be fulfilled."

*Santobello v. New York,* 404 U.S. 257, at 262, 92 S.Ct. 495, at 498, 30 L.Ed.2d 427, at 433 (1971). But while due process considerations mandate fairness to an accused in the plea negotiation process, no concomitant *constitutional* requirement of fairness inures to the State. See, e.g., *Noel v. State,* (Tex.Cr.App., No. 827–83, delivered March 14, 1984) (Pending on motion for rehearing). Thus, it cannot be by constitutional authority that the majority restores the balance of fairness in this cause.

Nor do simple logic and fairness compel the result reached by the majority.

When, after pleading guilty in accordance with a plea bargain involving recommended punishment, an appellant brings an appeal pursuant to Article 44.02, V.A.C. C.P. in which he attacks, *inter alia,* the sentence assessed as being beyond the court's authority to impose, I do not see

that he has reneged on his agreement, or, as the majority states it, he "seeks to withdraw from his end of the bargain." He has not retracted his plea of guilty and does not seek restoration of those constitutional rights the relinquishment of which constituted the consideration he gave up in the deal. For its part, the State's consideration is recommendation of a particular term of confinement. That does not mean the State is entitled to obtain that recommended term pursuant to its agreement. The State received the benefit of its bargain when the guilty plea was entered,[1] albeit conditioned on resolution of statutorily permitted claims on appeal. Just as an accused is not guaranteed the judge will follow the State's recommendation as to duration of sentence, see Article 26.13, V.A.C.C.P., neither is the State entitled to insist on obtaining *at least* the sentence recommended.[2] That is not a benefit for

---

1. "For a defendant who sees slight possibility of acquittal, the advantages of pleading guilty and limiting the probable penalty are obvious—his exposure is reduced, the correctional processes can begin immediately, and the practical burdens of a trial are eliminated. For the State there are also advantages—the more promptly imposed punishment after an admission of guilt may more effectively attain the objectives of punishment; and with the avoidance of trial, scarce judicial and prosecutorial resources are conserved for those cases in which there is a substantial issue of the defendant's guilt or in which there is substantial doubt that the State can sustain its burden of proof."
*Brady v. United States,* 397 U.S. 742, at 752, 90 S.Ct. 1463, at 1471, 25 L.Ed.2d 747, at 758 (1970).

2. It is true that Article 26.13, supra, besides requiring that the trial judge taking a guilty plea in a felony case admonish an accused that he is not bound by the State's recommendation as to punishment, also mandates that before any finding is made on the plea, the trial judge shall inform the accused whether he intends to follow the State's recommendation, and in the event he does not intend to follow it, the accused "shall be permitted to withdraw his plea of guilty." Acts 1977, 67th Leg., p. 748, ch. 280, § 1, eff. Aug. 29, 1977.

Prior to the 1977 amendment, however, when confronted with the claim that an accused should be allowed as a matter of right to withdraw from his guilty plea when the sentencing judge refuses to impose the recommended pun-

ishment, on authority of *Santobello,* supra, this Court replied:

"... We have stood steadfast for the position that assessment of punishment is the province of the judge or jury, not the prosecutor or the defendant. As conceded by all, *Santobello* does not explicitly require either that the court accept the prosecutor's recommendation or that the defendant be permitted to withdraw his plea after the recommendation is rejected. *Galvan v. State,* Tex.Cr.App., 525 S.W.2d 24; *Trevino v. State,* Tex.Cr.App., 519 S.W.2d 864; *Valdez v. State,* Tex.Cr.App., 507 S.W.2d 202; *Kincaid v. State,* Tex.Cr.App., 500 S.W.2d 487; *Reyna v. State,* Tex.Cr.App., 478 S.W.2d 481. Cf. *Wilson v. State,* Tex.Cr. App., 515 S.W.2d 274. We recognize that negotiated pleas are an integral and essential part of our system of criminal justice. In cases where the guilty plea is the result of a negotiated plea agreement, the trial court in exercising its authority to assess punishment also serves as a check upon oppressive or unfair bargains or those not in the public interest. Such a function may inure to the benefit of the defendant as much as the State. Hence, we decline to restrict the trial court's discretion in this area."
*Cruz v. State,* 530 S.W.2d 817, 821 (Tex.Cr.App. 1975). See also *Williams v. State,* 487 S.W.2d 363 (Tex.Cr.App.1972).

Subsequently, in dissenting opinion in *Gibson v. State,* 532 S.W.2d 69 (Tex.Cr.App.1975), Judge Roberts argued that the Court should judicially fashion a rule allowing an accused to withdraw his guilty plea upon a trial court's rejection of a recommended punishment:

which the State has bargained; therefore, "fairness," whether or not constitutionally grounded, does not dictate the State must get it. Indeed, logic dictates that it should not. I would affirm the judgment of the court of appeals.

But, assuming that the majority is correct in returning the parties to their original preagreement positions, one other point must be made. Any sentence assessed in this cause upon appellant's repleading to the original charge of delivery of diazepam must not exceed the two year term imposed pursuant to the plea bargain the Court now rescinds. To allow the State to seek and obtain a greater punishment would be to sanction vindictiveness against appellant for having attacked the authority of the court to impose a felony sentence for what proved on appeal to amount to a misdemeanor conviction. Whether the proper resolution of this *Crisp*-created problem is remand for resentencing, as the court of appeals ordered, or repleading, as the Court today holds, appellant can not be assessed any greater penalty than that to which he was originally subjected. *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *Thigpen v. Roberts,* 468 U.S. 27, 104 S.Ct. 2916, 82 L.Ed.2d 23 (1984).

I respectfully dissent.

"The denial of motions to withdraw guilty pleas in such cases also results in manifest injustice to the defendant. His guilty plea usually waives numerous rights, including the right to a jury trial, the right to confront witnesses and the right to assert whatever defenses he thinks he has. What is the consideration for these concessions if the court rejects the bargain and the plea is irrevocable?"

*Id.,* at 77. Apparently of the view that obtaining the recommendation from the prosecution was consideration enough for the defendant's concessions, the majority in *Gibson* refused to adopt Judge Roberts' suggested gloss to Article 26.13.

A year later, however, the Legislature amended Article 26.13 to embrace this rule. Thus it expressly provided for unilateral withdrawal by an accused from his agreement even though the State has executed its part of the bargain. Still, no provision exists allowing the State to rescind the agreement and force an accused to replead in the event the trial court does not assess *at least* the recommended punishment. Nor, it seems to me, can the State realistically argue that that is a benefit for which it bargained in the plea negotiations.