Deszick Smith v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-059-CR
No. 10-99-060-CR

     DESZICK SMITH,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 82nd District Court
Falls County, Texas
Trial Court Nos. 6933 and 6940
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Pursuant to a plea agreement, Deszick Smith pled guilty to two separate indictments that
joined both misdemeanor and felony charges. He was placed on community supervision. He did
not appeal his convictions at that time. The State moved to revoke his community supervision and
after a hearing, he was sentenced to two consecutive ten-year sentences in prison. Smith now
brings this appeal. He challenges his convictions on the basis the trial court had no jurisdiction
over the misdemeanor charges. We agree. The judgment of the trial court is reversed, and we
return the parties to their pre-plea status.
Issue on Appeal
      On appeal, Smith challenges his convictions on the basis the trial court had no jurisdiction
over the misdemeanor charges. He is correct. See Tex. Code Crim. Proc. Ann. art. 4.05
(Vernon Supp. 2001). The plea agreement was based in part on the disposition of the
misdemeanor charges which the trial court had no jurisdiction to resolve. See Heath v. State, 817
S.W.2d 335 (Tex. Crim. App. 1991). “We hold that both the order placing appellant on probation
and the order revoking probation and sentencing appellant . . . are void.” Id. at 337 (quoting
Dougherty v. State, 740 S.W.2d 516, 517 (Tex. App.—Houston [1st Dist.] 1987, no pet.))
(emphasis added). Based on these procedural facts, we have no alternative other than to reverse
his convictions and return the parties to their pre-plea status. Shannon v. State, 708 S.W.2d 850,
852 (Tex. Crim. App. 1986). Therefore, we reverse the judgment of the trial court and remand
both causes to the trial court for further proceedings consistent with this opinion.
 
                                                                         TOM GRAY
Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Reversed and remanded
Opinion delivered and filed February 28, 2001
Publish