In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-186 CR


____________________



KOREY LANDRY a.k.a. 


JASON MICHAEL AUGUSTINE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 78700






MEMORANDUM OPINION


 Korey Landry appeals the revocation of his community supervision for the state jail
felony offense of Delivery of a Controlled Substance (cocaine). Punishment was assessed
by the trial court at confinement in the Texas Department of Criminal Justice - Institutional
Corrections Division for a term of two years. The trial court further ordered that Landry's
two-year sentence commence when his sentence in Trial Cause No. 77270 had ceased to
operate. See Tex. Code Crim. Proc. Ann. arts. 42.01, § 1 (19), 42.08 (Vernon Supp. 2005). 
Landry's lone appellate issue reads: "The State of Texas violated Appellant's due process
rights when it abrogated a written plea agreement and advocated "stacked sentences" in
contravention of said written plea agreement." 

PLEA PROCEEDINGS OF FEBRUARY 14, 2005


 The record indicates that proceedings on February 14, 2005, embraced not only
Landry's plea of true in the instant case (Trial Cause No. 78700), but also included a plea of
true in another revocation action (Trial Cause No. 77270), and guilty pleas in two separate
aggravated robbery offenses (Trial Cause Nos. 92194 and 92588). The clerk's record
contains a written instrument titled, "AGREED PUNISHMENT RECOMMENDATION -
STATE JAIL FELONY," dated "2/14/05," which lists the cause number as "78700," and the
offense as "MTRP." The operative portions of this written punishment recommendation
read, in pertinent part, as follows: "It is mutually agreed that the following recommendations
are binding on the court: . . . Prosecution will proceed only on Count(s) #1"[;] "Dismiss
Cause(s) 88718[;] Run concurrently . . . with Cause(s) 92194; 77270; 92588[.] . . . As part
of this agreement, the defendant waives any right to appeal." On the face of this written
agreement appears Landry's signature, along with the signatures of the State's attorney and
Landry's trial counsel. 

 Landry pleaded guilty to both aggravated robbery causes and also pleaded true to
violating both of his community supervision orders. After pleading guilty to the two
aggravated robbery offenses, the following events transpired: 

 THE COURT: Now, in these two [aggravated robbery] cases, did you
understand everything that you signed here to your complete satisfaction?


 THE DEFENDANT: Yes, sir.


 THE COURT: In each case they tender Number 1 Mr. [Trial Counsel].


 [Trial Counsel]: No objection, Your Honor.


 THE COURT: They're admitted[.] Now, in each of these cases are you
pleading guilty of your own free choice? 


 THE DEFENDANT: True.


 THE COURT: And did you actually do what I've told you they charged
you with in each one of these case?


 THE DEFENDANT: True.


 THE COURT: All right. I find the facts justify a verdict of guilty in
each case. 


 In Cause Number 77270 and 78700, in each case they filed a motion
asking that your probation be revoked. 


 In each case it is alleged, Mr. Landry, in count one that you committed
aggravated robbery June the 18th, 2004 in this county. 


 Is that true.


 THE DEFENDANT: True.


 THE COURT: All of the other counts are dismissed.

 I find count one true in each case. 


 Now, in the two robbery cases - aggravated robbery cases, Mr. Landry,
you have a plea bargain agreement with the District Attorney that in no event
should the sentence exceed 20 years in the Institutional Division in each of
these cases. Although, you could legally get up to life in the penitentiary,
they've made that agreement with you and I'm bound by it. That means I
couldn't give you more than 20 years if I wanted to.


 Do you understand that?


 THE DEFENDANT: Yes, sir. 


 THE COURT: What is going [to] happen, if we go forward is, I'm
going to get a report prepared that will contain everything that we can find out
about you and your cases and we'll come back here and I'm going to have to
make a sentencing decision. 


 In these two aggravated robbery cases, that decision could be 20 years
in prison or 19 or 18, all the way down to 5.


 Do you understand that?


 THE DEFENDANT: Yes, sir.


 THE COURT: In the revocation cases, one is a State Jail and one is a
third degree.


 And y'all have recommendations in those that are just
recommendations. I'm not legally obligated to follow either one of those.


 But as to these two newer cases, you have a right to have a jury decide
what should happen.

 You've given up that right in each of these cases and in effect said you
want your cases handled in the process that I just described to you knowing the
possible consequences.


 Is that right?


 THE DEFENDANT: Yes, sir.


 THE COURT: Okay. Then I find count one to be true in Cause Number
78700 and 77270 and find Mr. Landry guilty in 92194 and 92588.


 In any event, Cause Number 88718 is going to be dismissed no matter
what sentence you receive in your other cases as part of your agreement. 


 [Trial Counsel] will help you with that report.


SENTENCING PROCEEDINGS OF APRIL 18, 2005


 Approximately two months later, the consolidated proceedings reconvened for
Landry's sentencing on the four cases. When the trial court requested comments, the State
responded with the following: 

 [The State]: Your Honor, as far as The State's concerned, all
consideration's been given to him during the offer that he's been given. He's
been given a cap on two different aggravated robberies, both with guns, one
in which he injured the victim by hitting the victim in the head and face with
the pistol. So, 20 years, I think, is a very considerate offer to the defendant. 
 

 . . . .


 So, The State would request that you revoke him, that you give him the
max that's allowed by law under the probation cases, we'd ask that you give
him the maximum under the cap, and we'd ask the Court to stack.


 [Trial Counsel]: Part of the plea bargain agreement is that it run
concurrently. . . .


 [The State]: Since I wasn't the prosecutor that took the plea, may I
inquire whether the agreement was just on the aggravated robbery or - - 


 THE COURT: That's correct. In Cause No. 77270, I find the evidence
to be sufficient to find Count 1 to be true. It is, therefore, true. I hereby
revoke your community supervision, and in this case I assess your punishment
at ten years confinement in the Institutional Division.


 In Cause No. 78700, I find the evidence to be sufficient to find Count
1 to be true. It is, therefore, true.


 [Trial Counsel]: Are you talking about the motion to revoke?


 THE COURT: Yes, sir.


 [Trial Counsel]: I'm trying to decipher my notes. One of them is a state
jail. I have a one year state jail.


 THE COURT: The one I'm doing right now is the state jail. 77270 was
possession of a controlled substance, which was a third degree; and now I'm
on the state jail.


 I hereby revoke your community supervision, assess your punishment
at two years confinement in the state jail. This will run consecutive to Cause
No. 77270.


 In Cause No. 92194, I find the evidence to be sufficient to find you
guilty of the offense of aggravated robbery. You're, therefore, guilty of that
offense; and I assess your punishment at 20 years confinement in the
Institutional Division. You will be given credit in that case.


 [Trial Counsel]: Your Honor, my notes reflect on February 14th the
agreement was to run those concurrent with each other. That was what my
notes show.


 THE COURT: Well, I'm going to let the two aggravated cases run
concurrently with the case as soon as the state jail is completed.


 [Trial Counsel]: I understand. But my understanding - - and I know it's
his understanding - - all of the motions to revoke and the aggravated robberies
would all run concurrent with one another. We understood the most he could
get would be 20 years.


 THE COURT: Well, he can appeal that case.


 [Trial Counsel]: Can we clear that up?


 [The State]: My understanding is this Court never accepts a plea bargain
on probation cases.


 THE COURT: I don't. I do not accept them. What he's looking at is
an additional two years. 


 In 92588 I find the evidence to be sufficient to find you guilty of the
offense of aggravated robbery. You're, therefore, guilty; and I assess your
punishment at 20 years confinement in the Institutional Division. This will run
concurrent with Cause No. 92194. These two sentences will run concurrently
with Cause No. 78700. Okay? Good luck to you, sir.

PARTIES' APPELLATE POSITIONS


 On appeal, Landry complains that the State violated his due process rights when it
failed to recommend concurrent sentences on all four cases in contravention of the written
agreed punishment recommendation executed on February 14, 2005, and in violation of the
holding announced in Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427
(1971). The State's reply brief, citing to Gutierrez v. State, 108 S.W.3d 304 (Tex. Crim.
App. 2003), takes the position that as there are no binding plea agreements in revocation
proceedings, and because Landry had no right to withdraw his plea of true when the trial
court chose "not to follow the prosecutor's punishment recommendation[,]" no error is
presented. 

ANALYSIS


 It is certainly true that in Gutierrez, the Court of Criminal Appeals determined "that,
in the context of revocation proceedings, the legislature has not authorized binding plea
agreements, has not required the court to inquire as to the existence of a plea agreement or
admonish the defendant pursuant to 26.13, and has not provided for withdrawal of a plea
after sentencing." Gutierrez, 108 S.W.3d at 309-10. Nevertheless, the key distinction
between the circumstances present in Gutierrez and those in the instant case is that in
Gutierrez the State did not repudiate or otherwise renege on the plea-agreement, as the State
did in the instant case. See id. at 305 (Trial court revoked defendant's probation but did not
accept "the State's recommendation on punishment."). Therefore, the instant case is
controlled by the holding in Santobello.

 The Texas Court of Criminal Appeals, citing Santobello, recently reaffirmed a number
of its prior cases reversing convictions for prosecutorial breaches of plea agreements:

 It is well established that it is a defendant's right to have the State honor
a plea bargain entered into by the defendant in exchange for a guilty plea, after
the judge has accepted the plea bargain in open court. Plea bargains play an
extremely important role in the criminal judicial process, and numerous cases
in federal and Texas state law emphasize the importance of implementing
safeguards to protect the due process rights of defendants who enter into such
plea bargains. When a defendant enters into a plea bargain, he waives a
number of fundamental constitutional rights, including a trial by jury, the right
to confront one's accusers, the right to present witnesses in one's defense, the
right to remain silent, and the right to be convicted only by proof beyond a
reasonable doubt. There are strict federal and state guidelines and requirements
regarding the defendant's ability to enter into such an agreement in order to
protect the constitutional rights of the defendant, and among these is the
requirement that if a defendant's plea is made based on a promise given by the
State, the State must keep up its part of the agreement or the plea will be
rendered involuntary. When the prosecution breaches its promise with respect
to an executed plea agreement, the defendant pleads guilty on a false premise,
and hence his conviction cannot stand. In Santobello v. New York, the United
States Supreme Court emphasized this point stating that "when a plea rests in
any significant degree on a promise or agreement of the prosecutor, so that it
can be said to be part of the inducement or consideration, such promise must
be fulfilled." 


Bitterman v. State, 180 S.W.3d 139, 141-42 (Tex. Crim. App. 2005) (footnotes omitted).

 

 In Shannon v. State, 708 S.W.2d 850, 852 (Tex. Crim. App. 1986), the Court
concluded a Santobello error opinion with the following holding:

 We hold, therefore, that when a defendant, who has entered a negotiated
plea of guilty, challenges the conviction and is successful, the appropriate
remedy is specific performance of the plea, if possible, or, if not, withdrawal
of the plea, with both parties, including the State, returned to their original
positions. 


Later, in Gibson v. State, 803 S.W.2d 316, 318 (Tex. Crim. App. 1991), the Court's


Santobello remedy took the following form:


 If for some reason the prosecutor does not carry out his side of the agreement,
the defendant is entitled to have the agreement specifically performed or the
plea withdrawn, whichever is more appropriate under the circumstances. 
Santobello, 404 U.S. at 263, 92 S.Ct. at 499; Ex parte Adkins, 767 S.W.2d 809,
810 (Tex.Cr.App.1989); Shannon v. State, 708 S.W.2d 850, 851 (Tex.
Cr.App.1986). 


 With regard to due process rights found in guilty-plea proceedings, the holding in
Santobello extends also to pleas of true in revocation proceedings. See Crawford v. State,
624 S.W.2d 906, 909 (Tex. Crim. App. 1981) (op. on reh'g); LeBlanc v. State, 768 S.W.2d
881, 882 (Tex. App.--Beaumont 1989, no pet.). Lastly, although Gutierrez did not implicate
Santobello error, the Gutierrez Court noted their is some value to "plea-bargaining and the
resulting punishment recommendations" in probation-revocation proceedings. Gutierrez,
108 S.W.3d at 310. 

 In the instant case, the trial court's oral pronouncement of sentence is somewhat
unclear as it appears in the record. Initially, the trial court explained to trial counsel that the
effect of his cumulative sentencing order in Trial Cause No. 78700 was intended "to let the
two aggravated cases run concurrently with the case [Trial Cause No. 77270, ten-year
sentence] as soon as the state jail case [Trial Cause No. 78700] is completed." That
statement would appear to indicate the trial court did not intend to permit the ten-year
sentence (77270) to begin running concurrently with the two 20-year aggravated robbery
sentences until Landry served-out his two-year state jail felony sentence (78700). This
would appear consistent with the trial court's comment moments later, viz: "What he's
looking at is an additional two years." However, immediately after the preceding comment,
the trial court concluded its pronouncement of the sentences in this way:

 In 92588 I find the evidence to be sufficient to find you guilty of the
offense of aggravated robbery. You're, therefore , guilty; and I assess your
punishment at 20 years confinement in the Institutional Division. This will run
concurrent with Cause No. 92194. These two sentences will run concurrently
with Cause No. 78700. Okay? Good luck to you, sir. (emphasis added)


 As noted above, when a defendant's Santobello appeal is successful, "the appropriate
remedy is specific performance of the plea, if possible, or, if not, withdrawal of the plea, with
both parties, including the State, returned to their original positions." See Shannon, 708
S.W.2d at 852. If a plea-agreement, fair on its face when executed, has become
unenforceable due to circumstances beyond the control of either party to the agreement,
which includes "unfulfilled or unfulfillable promises," a defendant's remedy is limited to
withdrawal of his plea and repleading to the original charge. See id. (citing Brady v. United
States, 397 U.S. 742, 755, 90 S.C.t 1463, 25 L.Ed.2d 747 (1970)). In the instant case,
specific performance, i.e., running all four sentences concurrently, would normally be the
proper remedy. However, due to the lack of clarity in the trial court's oral pronouncement
of the sentences, we remand this cause (78700) to the trial court for further proceedings
consistent with Santobello's remedial options of specific performance if possible, or if not, 
withdrawal of the plea of true. See Santobello, 404 U.S. at 262-63. Landry's appellate issue
is sustained, the trial court's judgment is reversed, and this cause is remanded to the trial
court for further proceedings consistent with this opinion and the authorities cited therein. 
 REVERSED AND REMANDED.



 __________________________________

 CHARLES KREGER

 Justice


Submitted January 3, 2006

Opinion Delivered May 10, 2006

Do not publish


Before Gaultney, Kreger and Horton, JJ.