

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,481

**Ex Parte KENNETH GLENN MILNER, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### FROM CAUSE NO. 2405 IN THE 100TH DISTRICT COURT
### CARSON COUNTY

**KELLER, P.J., filed a dissenting opinion in which WOMACK, J., joined.**

For us to consider a subsequent application under article 11.07, the defendant must meet an exception under § 4, one of which is the innocence-gateway exception.[1] The innocence-gateway exception requires that the applicant show that "but for a violation of the United States Constitution, no rational juror could have found the applicant guilty beyond a reasonable doubt."[2] I agree that applicant's double-jeopardy claims meet this exception because each of his convictions was obtained

---

[1] *See* TEX. CODE CRIM. PROC. art. 11.07, § 4, § 4(a)(2).

[2] *Id.*, § 4(a)(2).

in a separate proceeding. Once he was convicted in the first proceeding, he had a complete defense to prosecution to the remaining charges on the basis of the Double Jeopardy Clause's protection against successive prosecutions.[3] The innocence-gateway exception might not be met in a case that involved the Double Jeopardy Clause's protection against multiple punishments because a double-jeopardy violation does not occur until judgment is rendered on the multiple offenses, which is after the jury's verdict.[4] When a double-jeopardy violation occurs only after a verdict or finding of guilt, it logically cannot satisfy the innocence-gateway requirement that "no rational juror" could have found the applicant guilty.[5] But the present case involves a "successive prosecutions" scenario, so the double-jeopardy violation does precede the findings of guilt in the subsequent plea proceedings.

But there is another problem. The Court grants an acquittal for the charges prosecuted in the subsequent plea proceedings, but these charges were part of a plea agreement that included these charges and the charge upon which he was convicted in the first proceeding. The usual remedy when a plea agreement is unenforceable is to undo the plea agreement and place the parties in the position

---

[3]  *See Ex parte Amador*, 326 S.W.3d 202, 205 (Tex. Crim. App. 2010) (Double Jeopardy Clause prohibits successive prosecution for offenses that are considered the same).

[4]  *See Ball v. United States*, 470 U.S. 856, 865 (1985) ("We emphasize that while the Government may seek a multiple-count indictment" for certain offenses that are the same for double-jeopardy purposes, "the accused may not suffer two convictions or sentences on that indictment. If, upon the trial, the district judge is satisfied that there is sufficient proof to go to the jury on both counts, he should instruct the jury as to the elements of each offense. Should the jury return guilty verdicts for each count, however, the district judge should enter judgment on only one of the statutory offenses.").

[5]  *See Ex parte Sledge*, No. AP-76,947, 2013 Tex. Crim. App. LEXIS 156, at 16-17 (Tex. Crim. App. January 16, 2013) ("Thus, at the time the statutory scheme contemplates that a finding of guilt must be made (albeit not acted upon in a formal adjudication), the fact-finder clearly 'could have found the applicant guilty beyond a reasonable doubt.'")

they were in before the pleas.[6]  This is because when a defendant attacks the sentence he received and for which he bargained–as appellant does here–he is attacking the entire judgment of conviction. "To permit resentencing in this situation is to bind only one party to the agreement. This is neither logical nor fair."[7]

We have held that, for double-jeopardy violations, the State can choose to waive an illegal portion of a plea agreement and settle for enforcing the remaining, legal portion.[8]  Consequently, we should remand this case for proceedings to determine whether the State wishes to waive the jeopardy-barred counts or to undo the entire plea.  The Court proceeds as if the State has expressed an intent to waive the illegal counts, but I see nothing in the record showing that to be the case. Absent a waiver by the State, the proper remedy is to undo the entire agreement, which in this case would entail vacating all of the pleas and returning the parties to the position they were in prior to the plea proceedings.

The Court says that, because the Fifth Circuit has already vacated one of the cases that was part of the plea agreement,[9] "nothing we do here can undo the original plea agreement and place the parties in the position they were in before the pleas were entered."  I disagree.  The Fifth Circuit did not vacate applicant's murder conviction.  Rather, it said, "The judgment of the [federal] district

---

[6]  *Shannon v. State*, 708 S.W.2d 850, 852 (Tex. Crim. App. 1986); *Rhodes v. State,* 240 S.W.3d 882, 890 (Tex. Crim. App. 2007) ("State correctly argued [in *Shannon*] that because there was a plea bargain, the proper remedy was to undo the entire plea.").

[7]  *Shannon*, 708 S.W.2d at 852.

[8]  *Ex parte Ervin*, 991 S.W.2d 804, 817 (Tex. Crim. App. 1999).

[9]  *See Milner v. Johnson*, No. 99-10461, 2000 WL 293963 (5th Cir. February 17, 2000) (not designated for publication).

court denying Milner's habeas petition is VACATED and this case is REMANDED to the district court with instructions to grant Milner's petition for a writ of habeas corpus."[10] Pursuant to that remand order, a United States Magistrate Judge made recommendations to the federal district court.[11] The magistrate recommended that the murder conviction be vacated while the other convictions remain intact.[12] But, significantly, the magistrate added:

> The undersigned notes petitioner's conviction in Cause No. 2379 was obtained pursuant to a plea bargain agreement whereby petitioner was to plead guilty in the three separate prosecutions and accept three (3) consecutive life sentences in exchange for the State's agreement not to seek the death penalty in Cause No. 2379. The undersigned makes no recommendation with regard to, the issue of whether the plea bargain agreement is now subject to being set aside and the State permitted to re-prosecute petitioner as if no plea agreement had been reached.[13]

The federal district court adopted the magistrate's report and recommendations.[14] Consequently, the federal district court ordered that the murder conviction be set aside and the life sentence on that conviction be vacated.[15] The federal district court stated that "Petitioner's other convictions and life sentences . . . are not affected by this Order and remain in effect."[16]

The federal district court did not dispose of the murder conviction by rendering a judgment

---

[10] *Id.*

[11] *Milner v. Johnson*, No. 2: 94-CV-0207 (Magistrate, N.D. Tex. July 21, 2000) (not designated for publication).

[12] *Id.* at 3.

[13] *Id.*

[14] *Milner v. Johnson*, No. 2: 94-CV-0207, at 1 (N.D. Tex. July 24, 2000) (not designated for publication) ("The District Judge is of the opinion the Magistrate Judge's Report and Recommendation should be, and hereby is, ADOPTED.").

[15] *Id.* at 1-2.

[16] *Id.* at 2.

of acquittal or a dismissal with prejudice. The court simply set the conviction aside, while explicitly acknowledging the possibility of undoing the plea bargain and returning the parties to the position they were in before the pleas.

I respectfully dissent.

Filed: February 13, 2013
Publish