

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-94,154-01

**EX PARTE BRYAN WAYNE WHILLHITE, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-13-0586-SA-W-1 IN THE 391ST DISTRICT COURT
### FROM TOM GREEN COUNTY

*Per curiam*.

## O R D E R

Applicant pled guilty to one count of sexual assault of a child and one count of online solicitation of a minor, and the trial court placed him on deferred-adjudication community supervision for ten years. Subsequently, on the State's motion, the trial court revoked Applicant's deferred-adjudication community supervision, adjudicated his guilt, and assessed his punishment at seventy-five years' confinement for each offense, with the sentences to run concurrently. The Third Court of Appeals affirmed his conviction. *Whillhite v. State*, No. 03-18-00766-CR (Tex. App. — Austin, Jan. 3, 2020). After filing a pro se petition for discretionary review, this Court remanded to the Third Court of Appeals which then reversed his judgment of adjudication and rendered a judgment of acquittal as to his conviction for online solicitation of a minor and affirmed his

conviction for sexual assault of a child. *Whillhite v. State*, No. 03-18-00766-CR (Tex. App. — Austin, May 27, 2021). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Among other things, Applicant contends that his plea was involuntary because he claims he would not have pled guilty if he had only been charged with the one offense and counsel had not advised him to plead guilty to both charges. The trial court found that one of the offenses should not have been considered at punishment and recommends granting a new punishment hearing. However, the trial court did not make explicit findings of involuntariness.

Accordingly, the record should be further developed. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Morrow*, 952 S.W.2d 530 (Tex. Crim. App. 1997); *Shannon v. State*, 708 S.W.2d 850, 852 (Tex. Crim. App. 1986). The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim[1]. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was involuntary, and, if so, whether at the initial plea and/or the adjudication. The trial court shall also make findings of fact and conclusions of law as to the credibility of trial counsel's

---

[1] Trial counsel has not filed an affidavit in response to the writ allegations, only a letter response, so he has not sworn to the truth of his statements.

response and Applicant's claim that he would not have pled guilty but for counsel's deficient advice to plead guilty to both offenses. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* Tex. R. App. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 25, 2023
Do not publish