MIKE WILLSON, JUSTICE
In this appeal from the judgment in which the trial court revoked Appellant's community supervision, Appellant collaterally attacks his original conviction for possession of a controlled substance in a drug-free zone on the basis that the trial court assessed an illegal sentence. We vacate and remand.
I. The Charged Offense and Proceedings Below
Appellant was charged by information with the state-jail felony offense of possession of a controlled substance, specifically OxyContin, in an amount of less than one gram[1] and an enhancement that the offense was committed "on or within 1,000 feet of premises owned by an institution of higher learning," a drug-free zone. The parties apparently believed that the enhancement, as alleged, made the offense a third-degree felony.[2]
Appellant pleaded guilty to the third-degree felony offense of possession of a controlled substance in a drug-free zone. After a hearing, the trial court accepted Appellant's plea and found him guilty. Appellant and the State "mutually agreed and recommended to the Court" through an "Agreed Punishment Recommendation" that, among other conditions, Appellant would receive ten years of confinement probated for ten years. Consistent with the agreement, the trial court sentenced Appellant to confinement for ten years, suspended the sentence, placed Appellant on community supervision for ten years, and assessed costs and fines, among other conditions. Later, the State moved to revoke Appellant's community supervision. After a hearing, the trial court revoked Appellant's community supervision and sentenced Appellant to confinement for six years. Appellant now appeals on a single issue.
II. Analysis
Appellant argues that he received an illegal sentence because the state-jail felony offense he was charged with-possession of a controlled substance in an amount of less than one gram-was improperly enhanced under the drug-free zone statute, Section 481.134 of the Texas Health and Safety Code, because an "institution of higher learning" is not a proper *340 drug-free zone to enhance Appellant's underlying offense. Appellant argues that, because an illegal sentence was assessed, his judgment of conviction for the third-degree felony offense of possession of a controlled substance in a drug-free zone is void and the subsequent judgment in which the trial court revoked Appellant's community supervision is also void. The State argues that Appellant cannot challenge his original plea of guilty from this appeal of a revocation of community supervision.
A. This court has jurisdiction to hear Appellant's complaint of an illegal sentence under the "void judgment" exception.
Appellant claims he was assessed an illegal sentence in his underlying conviction. This court must determine whether it has jurisdiction to address Appellant's complaint. This is a direct appeal from the revocation of Appellant's community supervision in which Appellant alleges error not only in the judgment in which the trial court revoked his community supervision but also in his original conviction. "The general rule is that an attack on the original conviction in an appeal from revocation proceedings is a collateral attack and is not allowed." Wright v. State , 506 S.W.3d 478, 481 (Tex. Crim. App. 2016) ; see Manuel v. State , 994 S.W.2d 658, 661 (Tex. Crim. App. 1999) (noting that a criminal defendant "placed on 'regular' community supervision may raise issues relating to the conviction, such as evidentiary sufficiency, only in appeals taken when community supervision is originally imposed" (citing Whetstone v. State , 786 S.W.2d 361, 363 (Tex. Crim. App. 1990) ; Traylor v. State , 561 S.W.2d 492, 494 (Tex. Crim. App. 1978) ; Patterson v. State , 487 S.W.2d 736, 737 (Tex. Crim. App. 1972) ; Pitts v. State , 442 S.W.2d 389, 390 (Tex. Crim. App. 1969) ; Gossett v. State , 162 Tex.Crim. 52, 282 S.W.2d 59, 62 (1955) ) ). However, a criminal defendant can collaterally attack his original conviction in an appeal from the revocation of community supervision under the "void judgment" exception. Wright , 506 S.W.3d at 481. "The void judgment exception recognizes that there are some rare situations in which a trial court's judgment is accorded no respect due to a complete lack of power to render the judgment in question." Nix v. State , 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). "The 'void judgment' exception requires that the claimed defect be one that renders the original judgment of conviction void." Wright , 506 S.W.3d at 481.
B. The illegal sentence that Appellant received made his original conviction void, as is the judgment in which the trial court revoked his community supervision.
Appellant pleaded guilty to the improperly enhanced offense of possession of a controlled substance in an amount of less than one gram in a drug-free zone. As a result, Appellant was sentenced to imprisonment for ten years, but the trial court suspended that sentence and placed Appellant on community supervision for ten years. The punishment Appellant received was outside the range of punishment authorized for a state jail felony. See TEX. PENAL CODE ANN. § 12.35(a), (b) (state jail felony is limited to confinement "for any term of not more than two years or less than 180 days" and "a fine not to exceed $10,000"). A "sentence that is outside the range of punishment authorized by law is considered illegal." Ex parte Parrott , 396 S.W.3d 531, 534 (Tex. Crim. App. 2013).
The question that Appellant has asked us to address is whether what he asserts is an illegal sentence renders the judgment of conviction void. In Nix , the Court of Criminal Appeals stated a nearly exclusive *341 list of four instances where a judgment of conviction would be void: "(1) the document purporting to be a charging instrument ... does not satisfy the constitutional requisites of a charging instrument"; (2) "the trial court lacks subject matter jurisdiction over the offense charged"; (3) "the record reflects that there is no evidence to support the conviction"; and (4) "an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of Gideon v. Wainwright [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) ]. " Nix , 65 S.W.3d at 668. The Court of Criminal Appeals has explicitly stated that an "illegal sentence" was not one of the four instances listed. Wright , 506 S.W.3d at 482.
In Wright , the Court of Criminal Appeals briefly discussed, without explicitly holding, whether an "illegal sentence" could render an original conviction void under the void judgment exception. 506 S.W.3d at 482. The Wright court indicated that applying the law of habeas from Ex parte Parrott , 396 S.W.3d 531 (Tex. Crim. App. 2013), would guide courts in determining whether the void judgment exception was satisfied. 506 S.W.3d at 482. The Wright court explained that "[e]ven if we were to assume that an illegal sentence could, in appropriate circumstances, render a judgment void, a sentence that can be upheld on habeas because the defendant has failed to show harm is not void under Nix ." Id. at 482.
In discussing Parrott , the Wright court explained that "even if Parrott's sentence was illegal because of the failure to properly enhance with a prior conviction, the error was harmless because his actual criminal history supported the range of punishment within which he was sentenced and admonished. Such a sentence is not a 'nullity' that is 'accorded no respect.' " Id. at 482 (footnote omitted). The court held that, if a defendant would lose on habeas under Parrott , then he fails to satisfy the void judgment exception. Id. at 482. The court further explained that "the void judgment exception requires that 'the record leave no question' about the existence of a defect that renders the judgment void." Id. at 482. "So if the record available in the revocation appeal leaves open the possibility that the defendant would lose on habeas under Parrott , then the defendant has necessarily failed to satisfy the 'void judgment' exception." Id. at 482.
The Wright court affirmed the judgment of the court of appeals, which applied the habeas law of Parrott and Ex parte Rich to hold that the defendant did not receive an illegal sentence. Id. at 482 (holding that the court of appeals did not err in relying on Parrott to determine whether Appellant's sentence was illegal); see Wright v. State , No. 05-14-00641-CR, 2015 WL 4628189, at *2 (Tex. App.-Dallas Aug. 4, 2015) (mem. op., not designated for publication) (concluding that Appellant failed to show his sentence was "actually illegal"), aff'd , 506 S.W.3d 478. In accordance with Wright , we apply the law on habeas, as set out in Parrott , to this case.
Under Parrott , we must determine if Appellant suffered harm from the illegal sentence that he received. Parrott , 396 S.W.3d at 534-36. Because if he did not suffer harm under Parrott , "the defendant has necessarily failed to satisfy the 'void judgment' exception." Wright , 506 S.W.3d at 482. "An applicant demonstrates harm with proof 'by a preponderance of the evidence that the error contributed to his conviction or punishment.' " Parrott , 396 S.W.3d at 534 (quoting Ex parte Williams , 65 S.W.3d 656, 658 (Tex. Crim. App. 2001) ). "[A]n applicant is harmed by an illegal sentence when the appellate and habeas records show that he has no other *342 conviction that could support the punishment range within which he was sentenced." Id. at 536 (citing Ex parte Rich , 194 S.W.3d 508, 510-14 (Tex. Crim. App. 2006) ); see Wright , 506 S.W.3d at 481. "[A]n applicant is not harmed by an illegal sentence when the appellate and habeas records show that there was another conviction that could properly support the punishment range within which he was sentenced." Parrott , 396 S.W.3d at 536.
Appellant asserts that he suffered harm, under Parrott , because there is no other conviction that could support the punishment range within which Appellant was sentenced. The State argues that Appellant was not actually harmed under Parrott because "additional drug free zones were available and applicable to Appellant's case." The State attaches two "drug free zone maps" to its brief, labeled as "Appendix A," and claims that the "location of the offense was only 535 feet from Wiggins Park and Pool, another drug free zone." This map is not in the appellate record. "We cannot consider documents attached to a brief as an exhibit or appendix which are not part of the appellate record." Viscaino v. State , 513 S.W.3d 802, 814 (Tex. App.-El Paso 2017, no pet.) (citing Whitehead v. State , 130 S.W.3d 866, 874 (Tex. Crim. App. 2004) ; Thompson v. State , 612 S.W.2d 925, 928 (Tex. Crim. App. 1981) ; Pollan v. State , 612 S.W.2d 594, 596 (Tex. Crim. App. 1981) ; In re Expunction of M.T. , 495 S.W.3d 617, 622 (Tex. App.-El Paso 2016, no pet.) ).
Even if we assume this map was in the record, a "public swimming pool," like an "institution of higher learning," could not serve as a permissible drug-free zone to enhance Appellant's offense from a state jail felony to a third-degree felony because Section 481.134(b) is not applicable to a conviction under Section 481.115(b). See HEALTH & SAFETY § 481.134(b). A "playground" could serve as a permissible drug-free zone to enhance Appellant's offense, if Wiggins Park and Pool contains a playground within the meaning of the drug-free zone statute. See id. § 481.134(d)(1); see also id. § 481.134(a)(3) ("[p]layground" defined as containing "three or more play stations intended for the recreation of children, such as slides, swing sets, and teeterboards"). But the State does not allege, and provides no evidence, that Wiggins Park and Pool contains a playground.
We decline to hold, as the State requests, that Appellant was not harmed under Parrott based on the possibility of a valid drug-free zone within the vicinity of Appellant's offense. In assessing whether a defendant suffered harm under Parrott , Wright instructed courts to look at a defendant's prior criminal history to determine harm. Wright , 506 S.W.3d at 482. We have examined Appellant's prior criminal history from the record, and it could not serve as a substitute to cure any illegality in Appellant's sentence. Therefore, Appellant has shown that he was harmed by his illegal sentence.
Whether an illegal sentence falls within the void judgment exception is a matter of first impression for this court. For the void judgment exception to apply, "the record must leave no question about the existence of the fundamental defect." Nix , 65 S.W.3d at 668. "If the record is incomplete, and the missing portion could conceivably show that the defect does not in fact exist, then the judgment is not void, even though the available portions of the record tend to support the existence of the defect." Id. In this case, the record pertaining to Appellant's original conviction only contains a portion of the hearing on Appellant's plea of guilty; Appellant waived his right to have the court reporter *343 take down the remaining portion of the proceedings. Thus, the record is incomplete.
But even though the record is incomplete, the missing portions could not conceivably show that the defect-the illegal sentence-does not exist. Before Appellant entered his plea of guilty, Appellant was instructed that this case was a "possession of a controlled substance in a drug-free zone, a third-degree felony." The trial court described the allegations the State was making against him, and the only drug-free zone mentioned was Howard Payne University. After hearing the State's allegations, Appellant pleaded guilty to the offense as charged: possession of OxyContin in an amount of less than one gram within 1,000 feet of Howard Payne University, an institution of higher learning. Based on the record before us, it would be unreasonable to conceive that the State proved an additional drug-free zone in the missing portions of the record because Appellant directly pleaded guilty to committing the offense within 1,000 feet of Howard Payne University, a drug-free zone that, on its face, appeared to be proper. Moreover, even if it was conceivable that the State adduced evidence that showed the offense was committed near Wiggins Park and Pool, it is unclear whether Wiggins Park and Pool would be a valid drug-free zone.
We conclude that the illegal sentence in this case renders the original judgment convicting Appellant of the third-degree felony offense of possession of a controlled substance in a drug-free zone void because " 'the record leave[s] no question' about the existence of a defect that renders the judgment void." Wright , 506 S.W.3d at 482. Accordingly, the judgment revoking Appellant's community supervision was void as well. See Nix , 65 S.W.3d at 668 ("If the original judgment imposing probation was void, then the trial court would have no authority to revoke probations, since, with no judgment imposing probation (because it is a nullity), there is nothing to revoke.").
C. The State's preservation of error and waiver arguments are unavailing in this case.
The State asserts (1) that Appellant failed to preserve the right to complain about his illegal sentence under Article 1.14 of the Texas Code of Criminal Procedure by failing to object to the indictment prior to trial and (2) that Appellant waived his right to complain about his illegal sentence because he pleaded guilty to the offense. As we explain below, we disagree for two reasons.
First, we agree with the State, and with the cases[3] that it refers to, that *344 defendants are generally required to object to any defects in the enhancement paragraph before trial. "[A]ny error in the charging instrument must be objected to in a timely ... and specific manner...." Sanchez v. State , 120 S.W.3d 359, 367 (Tex. Crim. App. 2003). But Appellant does not complain on appeal about a defect in the charging instrument; rather, he complains that he received an illegal sentence. "Unlike most trial errors which are forfeited if not timely asserted, a party is not required to make a contemporaneous objection to the imposition of an illegal sentence." Mizell v. State , 119 S.W.3d 804, 806 n.6 (Tex. Crim. App. 2003) (citing Ex parte Pena , 71 S.W.3d 336, 336-37 & n.1 (Tex. Crim. App. 2002) ). "A trial or appellate court which otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence." Id. at 806 ; see Harris v. State , 670 S.W.2d 284, 285 (Tex. App.-Houston [1st Dist.] 1983, no pet.) (no claim of illegal sentence raised; however, the court reformed an illegal sentence).
Second, the State argues that "Appellant explicitly and affirmatively agreed on the record that he wished to proceed with his plea knowing that the State alleged that the offense occurred within 1,000 feet of an institution of higher learning." Although Appellant pleaded guilty,[4] this does not preclude him from complaining about an illegal sentence on appeal. See Rich , 194 S.W.3d at 513 (despite pleading true to an enhancement allegation, applicant on writ of habeas corpus did not forfeit his claim of an illegal sentence by pleading true to an enhancement paragraph); see also Wilkerson v. State , 391 S.W.3d 190, 199 (Tex. App.-Eastland 2012, pet. ref'd). Even though "a plea of true to an enhancement paragraph relieves the State of its burden to prove a prior conviction alleged for enhancement and forfeits the defendant's right to appeal the insufficiency of evidence to prove the prior conviction, there is an exception when 'the record affirmatively reflects' that the enhancement is itself improper." Rich , 194 S.W.3d at 513 (footnote omitted). Here "the record affirmatively reflects" that the drug-free zone enhancement-the institution of higher learning-was improper.
D. The proper remedy is to vacate and remand and allow Appellant to withdraw his plea of guilty so the parties are returned to their original position before the entry of the plea bargain.
Appellant argues that the appropriate remedy is to allow him to withdraw his plea of guilty. Whether we allow Appellant to withdraw his plea depends on *345 the existence of a plea bargain. "[W]hen a plea-bargain agreement calls for a sentence much greater than that authorized by law," the proper remedy is to "allow the defendant to withdraw his plea because there is no way of knowing whether the State would have offered a plea bargain within the proper range of punishment that he deemed acceptable, or whether he would have decided to proceed to trial." Rich , 194 S.W.3d at 514. In this situation, resentencing is an insufficient remedy "because by 'attack[ing] the sentence he received and for which he bargained, [the applicant] is attacking the entire judgment of conviction.' " Id. at 515 (citing Shannon v. State , 708 S.W.2d 850, 851 (Tex. Crim. App. 1986) ). In cases where a defendant pleads guilty "without the benefit of a plea bargain and the trial judge assesses a punishment not authorized by law, the appropriate remedy is to allow the finding of guilt to remain and to remand the case for a new punishment hearing." Id. at 514 (citing Levy v. State , 818 S.W.2d 801, 803 (Tex. Crim. App. 1977) ).
The Court of Criminal Appeals has defined "plea bargaining" to include "a promise of a recommendation from the prosecutor to the trial judge as to punishment, or some other concession by the prosecutor that he will not seek to have the trial judge invoke his full, maximum implementation of the conviction and sentencing authority he has." Perkins v. Court of Appeals for Third Supreme Judicial Dist. of Tex. , 738 S.W.2d 276, 282 (Tex. Crim. App. 1987) ; see TEX. R. APP. P. 25.2(a)(2) (defining a plea bargain case, for purposes of appellate jurisdiction, as "a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant"). As we previously outlined, Appellant and the State agreed that Appellant's sentence was confinement for ten years but that the confinement would be suspended and he would receive community supervision for ten years. Appellant pleaded guilty, and the trial court accepted the punishment recommendation and sentenced and signed the judgment of conviction that day. That judgment confirms that the plea was part of an agreement. The "plea agreement" in the judgment reflects the terms of the agreed upon punishment recommendation. However, that plea agreement is unenforceable because the charged state-jail felony offense of possession of a controlled substance in an amount of less than one gram was improperly enhanced to a third-degree felony. See Rich , 194 S.W.3d at 515. Accordingly, the proper remedy is to allow Appellant to withdraw his plea and return the parties to their original position before the parties entered into the plea bargain agreement. See ids="8413629" index="60" url="https://cite.case.law/sw3d/194/508/#p510">id. at 514.
III. This Court's Ruling
We vacate the judgment in which the trial court revoked Appellant's community supervision as well as the original judgment of conviction, and we remand the cause to the trial court for further proceedings consistent with this opinion.

See Tex. Health & Safety Code Ann. § 481.102(3)(A) (West Supp. 2017); itation index="62" url="https://cite.case.law/citations/?q=Tex.%20Code%20Ann.%20%C2%A7%20481.102">id. § 481.115 (a), (b) (West 2017); see also Harper v. State , No. 2-04-327-CR, 2005 WL 1542667, at *4 n.2 (Tex. App.-Fort Worth June 30, 2005, no pet.) (not designated for publication) ("Oxycontin is the trade name for oxycodone.").

See Health & Safety § 481.134(b)(1).

Steadman v. State , 160 S.W.3d 582, 584-85 (Tex. App.-Waco 2005, pet. ref'd) (failure to preserve complaint that "the enhancement allegation did not give [appellant] adequate notice that the State would seek mandatory life sentences"); Carriere v. State , 84 S.W.3d 753, 760 (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd) (failure to preserve complaint that appellant "was deprived of equal protection of the law when the State used his felony conviction of burglary of a motor vehicle as the basis for the second enhancement paragraph"(footnote omitted) ); Garcia v. State , No. 14-00-00162-CR, 2001 WL 867895, at *1 (Tex. App.-Houston [14th Dist.] Aug. 2, 2001, no pet.) (not designated for publication) (failure to preserve complaint that enhancement paragraph did not allege a prior felony); Watson v. State , No. 14-94-00551-CR, 1996 WL 275079, at *4-5 (Tex. App.-Houston [14th Dist.] May 23, 1996, no pet.) (not designated for publication) (failure to preserve complaint that the enhancement paragraph only "alleges that he committed a felony offense and fails to allege that he was convicted of that felony"); Jones v. State , 907 S.W.2d 850, 857-58 (Tex. App.-Houston [1st Dist.] 1995, pet. ref'd) (failure to preserve complaint that "the second enhancement paragraph of the indictment is facially insufficient because it alleged only that he had previously committed a felony but does not allege he was convicted of a felony"); Wills v. State , 867 S.W.2d 852, 857-58 (Tex. App.-Houston [14th Dist.] 1993, pet. ref'd) (failure to preserve complaint that "the second enhancement paragraph was fundamentally defective and did not support 'habitual offender' status"); Williams v. State , No. 01-92-01143-CR, 1993 WL 381548, at *1 (Tex. App.-Houston [1st Dist.] Sept. 30, 1993, pet. ref'd) (not designated for publication) (failure to preserve complaint that the enhancement paragraph only alleges that he committed a felony offense but fails to allege that he was convicted of a felony offense); Muhammad v. State , 846 S.W.2d 432, 437 (Tex. App.-Houston [14th Dist.] 1992, pet. ref'd) (failure to preserve complaint that the second enhancement paragraph "fails to include the requisite elements of Section 12.42(d) of the Penal Code"); Goins v. State , 841 S.W.2d 527, 532-33 (Tex. App.-Houston [1st Dist.] 1992, pet. ref'd) (failure to preserve complaint that the enhancement paragraph "fails to allege he was convicted of a felony offense").

In this case, Appellant did not separately plead "true" to the drug-free zone enhancement; instead, Appellant pleaded guilty to the offense of possession of a controlled substance in a drug-free zone.