

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00076-CR
No. 02-19-00077-CR
No. 02-19-00078-CR

_____

JOSEPH BERNARD EPHRAIM, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court Nos. 1247528D, 1247527D, 1247526D

---

Before Sudderth, C.J.; Birdwell and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

Appellant Joseph Bernard Ephraim appeals the revocation of his community supervision. In two issues, he protests a set of discrepancies in the written judgments by which he was initially placed on community supervision in 2011, as well as the trial court's efforts to correct those discrepancies nunc pro tunc in 2019.

Because Ephraim appeals from revocation, the record must leave no question that the original community supervision judgments are void. Ephraim has failed to supply a complete reporter's record that would accomplish this task. And what content does appear in the record suggests that the judgment discrepancies of which Ephraim complains—that certain enhancement findings were typed in the wrong spaces—were clerical errors that could properly be corrected nunc pro tunc. We therefore affirm.

In 2011, Ephraim was indicted in three separate cases for delivering marijuana in an amount less than five pounds but more than one-quarter ounce. Each indictment included an enhancement paragraph alleging that he committed the offense within 1000 feet of a drug-free zone. Without the enhancement, the offenses would have been punishable as state-jail felonies by up to two years' confinement. Tex. Health & Safety Code Ann. § 481.120; Tex. Penal Code Ann. § 12.35(a). But as enhanced, the charged offenses were third-degree felonies punishable by not more than ten years or less than two years in prison. *See* Tex. Health & Safety Code Ann. §§ 481.120, .134(d)(1); Tex. Penal Code Ann. § 12.34(a).

Ephraim pleaded guilty as charged. In each case, Ephraim signed admonishments in which he acknowledged that he was charged with "DFZ" marijuana offenses. He further acknowledged that the offenses were third-degree felonies punishable by up to ten years' confinement. He signed a set of sworn confessions indicating, "I am guilty of the instant offense as well as all lesser included offenses. All enhancement and habitual allegations set forth in the indictment are true and correct, except those waived by the State." In each case, the trial court signed a "Certificate of Proceedings" indicating that Ephraim was being charged with and convicted of "DRUG FREE ZONE-MJ 1/4-5LB." And in each case, the written judgment reflected that he was given a suspended sentence of ten years and probation for ten years pursuant to a plea bargain. The judgments described the offenses as third-degree felonies.

Each written judgment, however, bore the same set of discrepancies. In the spaces designated for appellant's pleas to the enhancement paragraphs, the judgments bore the notations "N/A." Similarly, in the spaces reserved for the trial court's findings on the enhancements, the judgments again stated "N/A." Instead, the drug-free-zone enhancements were described elsewhere; in the spaces below "Offense for which Defendant Convicted," the offenses were described as "DRUG FREE ZONE-DELIVERY MARIHUANA OVER 1/4 OZ, LESS THAN 5 LBS."

It appears that no one noticed the discrepancies until 2019, when Ephraim's community supervision was revoked and the trial court sentenced him to six years'

3

confinement. Shortly after the revocation, the trial court rendered three nunc pro tunc orders. The orders purported to amend the judgments to reflect that Ephraim had pleaded true to the drug-free-zone enhancements and that the trial court had found these enhancements to be true.

On appeal, Ephraim raises two issues. In his first issue, he argues that the original judgments were void because they assessed illegal sentences. Ephraim says that without the drug-free-zone enhancements, the proper punishment range was that of a state-jail felony, and his sentences exceed the upper limit of two years. In his second issue, Ephraim asserts that the nunc pro tunc orders are invalid because they go beyond the simple correction of clerical errors. As to both issues, we disagree.

A void judgment is an exception to the general rule that an original plea cannot be attacked on an appeal of the revocation proceedings. *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). There are limited situations in which a judgment is void. *Smith v. State*, 309 S.W.3d 10, 17 (Tex. Crim. App. 2010). A judgment of conviction is void when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been

waived. *Id.* at 17–18. "While we hesitate to call this an exclusive list, it is very nearly so." *Id.* at 18.

Some courts have held that there is another scenario that may render a judgment of conviction void: an illegal sentence. *Garcia v. State*, 549 S.W.3d 335, 341 (Tex. App.—Eastland 2018, pet. ref'd); *Wright v. State*, No. 05-14-00641-CR, 2015 WL 4628189, at *2 (Tex. App.—Dallas Aug. 4, 2015) (mem. op., not designated for publication), *aff'd*, 506 S.W.3d 478 (Tex. Crim. App. 2016). A sentence that is outside the range of punishment authorized by law is considered illegal. *Garcia*, 549 S.W.3d at 341 (quoting *Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013)). Ephraim argues that because his sentences exceed the proper range of punishment for an unenhanced state jail felony, his convictions are void under *Garcia*.

We need not express any opinion on *Garcia*'s holding, because even if we assume that an illegal sentence may render a judgment void, Ephraim's appeal still founders. *See Wright v. State*, 506 S.W.3d 478, 482 (Tex. Crim. App. 2016) (assuming for the sake of argument that an illegal sentence could render a conviction void but disposing of the appeal on other grounds). For a judgment to be void, the record must leave no question about the existence of the fundamental defect. *Nix*, 65 S.W.3d at 668. If the record is incomplete, and the missing portion could conceivably show that the defect does not in fact exist, then the judgment is not void, even though the available portions of the record tend to support the existence of the defect. *Id.* at 668–69. "For example, when a defendant levels a 'no evidence' challenge against the conviction, but the record

5

contains no court reporter's transcription of the original plea hearing, then the conviction is not void, even though the record—as far as it goes—tends to support the no evidence claim." *Id.* at 669.

In this appeal, Ephraim has failed to supply a reporter's record of the original plea hearing. The missing portion of the record could well show that at the plea hearing, the trial court pronounced a finding that the enhancements were true and properly punished Ephraim for third-degree felonies. A pronouncement of true would control over the written judgments' notation of "N/A" concerning the enhancements, because when the oral pronouncement and the written judgment vary, the oral pronouncement controls. *Ette v. State*, 559 S.W.3d 511, 516 (Tex. Crim. App. 2018); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). Such a pronouncement would mean that Ephraim's convictions were properly enhanced to third-degree felonies, with a punishment range up to ten years. *See Richardson v. State*, No. 01-06-00004-CR, 2007 WL 1559819, at *4–5 (Tex. App.—Houston [1st Dist.] May 31, 2007, pet. ref'd) (mem. op., not designated for publication) (concluding that oral pronouncement of true on an enhancement controlled over a written judgment that omitted the enhancement). The missing portion of the record makes it conceivable that Ephraim's ten-year sentences were within the proper punishment range. Thus, even assuming that an illegal sentence might render a conviction void, Ephraim's convictions are not void because the incomplete record does not erase all doubt as to whether his sentences were illegal.

Indeed, to the extent that we have a record, it strongly suggests that his sentences were legal. There are several documents from the original plea hearing which imply that the trial court pronounced a finding of true on each drug-free-zone enhancement and properly punished Ephraim for third-degree felonies:

- the plea admonishments indicating that Ephraim would be punished for a series of "DFZ" marijuana offenses as third-degree felonies;

- the signed confessions in which he admitted the drug-free-zone enhancements in each indictment;

- the certificates of proceeding which showed that Ephraim was being convicted of "DRUG FREE ZONE-MJ" offenses; and

- the portions of the written judgments which stated that Ephraim was being convicted of "DRUG FREE ZONE-DELIVERY MARIHUANA OVER 1/4 OZ, LESS THAN 5 LBS," which were punished as third-degree felonies.

Taken together, these materials only strengthen the prospect that the trial court properly found the enhancements to be true in each case. Because that possibility is conceivable based on the missing portions of the record—and because that possibility finds support in what does appear in the record—the convictions are not illegal or void. We overrule Ephraim's first issue.

In his second issue, Ephraim challenges the orders nunc pro tunc. He observes that correction via nunc pro tunc is appropriate only for clerical errors, but not for

errors involving mistakes of judicial reasoning. According to Ephraim, the discrepancies in this case are judicial errors, and the trial court could not use a nunc pro tunc mechanism to correct them. Ephraim contends that the nunc pro tunc orders are thus of no effect, and they cannot resolve any problems that rendered the original judgments void.

However, we have already held that the judgments are not void. They were therefore in no need of remediation in order to withstand Ephraim's appeal, *see Nix*, 65 S.W.3d at 667, and any attempt to cure them was a "lagniappe—icing-on-the-cake"— that is appreciated but not required. *Madden v. State*, 242 S.W.3d 504, 517 (Tex. Crim. App. 2007)

Nevertheless, even assuming arguendo that Ephraim could prevail by challenging the propriety of the orders nunc pro tunc, his challenge would not succeed. Corrections nunc pro tunc must reflect the judgment that was actually rendered but that for some reason was not properly entered into the record at the time of the judgment. *Blanton v. State*, 369 S.W.3d 894, 898 (Tex. Crim. App. 2012). Such corrections are limited to clerical errors and are not appropriate for errors involving judicial reasoning. *Id.* Multiple courts have held that mistaken entries concerning enhancement findings may be clerical errors that are subject to correction nunc pro tunc. *See In re Robertson*, No. 01-14-00466-CR, 2014 WL 4374124, at *2 (Tex. App.—Houston [1st Dist.] Sept. 4, 2014, no pet.) (per curiam) (mem. op., not designated for publication) (holding mistaken notation of "not applicable" in place of enhancement finding of true was clerical error);

8

*Jimenez v. State*, Nos. 07-11-0336-CR, 07-11-0337-CR, 2012 WL 1658418, at *2 (Tex. App.—Amarillo May 11, 2012, no pet.) (mem. op., not designated for publication) (same as to mistaken notation of "N/A"); *Melendez v. State*, No. 08-09-00225-CR, 2010 WL 4983427, at *3 (Tex. App.—El Paso Dec. 8, 2010, pet. ref'd) (not designated for publication) (same).

*Simek v. State* is particularly salient. No. 03-12-00103-CR, 2012 WL 3629542, at *5 (Tex. App.—Austin Aug. 22, 2012, no pet.) (mem. op., not designated for publication). There, the appellant pleaded guilty to the third-degree felony of possession of marijuana over four ounces and less than five pounds in a drug-free zone, and he was given a suspended sentence of ten years' imprisonment. *Id.* The appellant protested his sentence because the written judgment omitted the drug-free-zone enhancement; he reasoned that he therefore could only be punished in the range of a state-jail felony. *See id.* The court of appeals held that the omission of the enhancement finding was a clerical error that was subject to correction in later orders. *Id.* In so holding, the court relied on the appellant's guilty plea to an offense punishable as a third-degree felony, as well as the fact that the original judgment correctly described the offense as a third-degree felony and stated a punishment in the third-degree-felony range. *Id.*

Similar considerations govern here. The judicial confession, plea paperwork,[1] and certificate of proceedings[2] all recognized that there was to be a drug-free-zone enhancement of Ephraim's punishment to that of a third-degree felony. Further, the written judgments themselves used the phrase "DRUG FREE ZONE," stated that offenses were third-degree felonies, and applied third-degree felony punishments. These factors convince us that the discrepancies regarding the enhancements were clerical errors and that their correction did not implicate a shift in judicial reasoning, but a written restoration of the reasoning that the court originally applied. The nunc pro tunc orders were proper, and therefore we overrule Ephraim's second and final issue.

We affirm the trial court's judgments.

/s/ Wade Birdwell
Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 27, 2020

---

[1] *See In re Ross*, No. 14-14-00720-CR, 2014 WL 4700874, at *1 (Tex. App.—Houston [14th Dist.] Sept. 23, 2014, orig. proceeding) (per curiam) (mem. op., not designated for publication) (relying on the content of plea paperwork to determine what findings could properly be corrected nunc pro tunc).

[2] *Cf. Guthrie-Nail v. State*, No. 05-18-00904-CR, 2019 WL 2171224, at *2 (Tex. App.—Dallas May 20, 2019, pet. ref'd) (mem. op., not designated for publication) (relying on docket sheet notations to determine what findings were properly subject of nunc pro tunc correction).