

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00287-CR

———————————————————

JAMES LEE ERICKSON, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR14060

Before Kerr, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

The State indicted Appellant James Lee Erickson for the offense of continuous sexual abuse of a child.[1] *See* Tex. Penal Code Ann. § 21.02. Specifically, the State alleged that during a period of thirty days or more, from October 1, 2017, through January 3, 2018, Appellant committed two or more acts of sexual abuse against a child younger than fourteen years of age and that the acts of sexual abuse that Appellant had committed constituted indecency with a child by contact. In a trial before the court, Appellant pleaded not guilty, the trial court found him guilty, and the trial court sentenced him to life imprisonment.

In his first issue, Appellant contends that the trial court abused its discretion by denying his motion to change counsel and his attorney's motion to withdraw. Because Appellant waited until trial to request different counsel, we hold that the trial court did not abuse its discretion by denying his counsel's motion to withdraw. In his second issue, Appellant asserts that his life sentence is grossly disproportionate to his offense and constitutes cruel and unusual punishment. We hold that Appellant did not preserve his issue for appellate review, but even if he had, he has not shown error. We thus overrule both issues and affirm the trial court's judgment.

---

[1]The State waived a second count.

## II. BACKGROUND

### A. Facts of the offense

On January 3, 2018, Mother caught Appellant (her stepfather with whom she was living) sexually abusing her 6-year-old daughter Robin.[2] Mother called 911, an investigator from the Hood County District Attorney's Office Child Exploitation Unit responded, Appellant waived his *Miranda* rights,[3] and Appellant admitted to the investigator that he had inappropriately touched Robin 30 to 40 times from October 2017 to January 2018.

### B. Procedural history

Although unclear when, the trial court appointed defense counsel to represent Appellant; the record shows that defense counsel filed a document on March 30, 2018, so Appellant had an attorney at least by that date. Over a year later—on July 15, 2019—when Appellant was about to go to trial, he notified the trial court that he wanted different counsel:

> THE COURT: Sir, are you James Lee Erickson?
>
> THE DEFENDANT: Yes, sir.

---

[2] To protect the child's identity, we use a pseudonym to identify her and "Mother" to identify her mother. *See* Tex. Const. art. I, § 30(a)(1); Tex. R. App. P. 9.10(a)(3); 2d Tex. App. (Fort Worth) Loc. R. 7; *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982). Because Appellant does not contest the evidentiary sufficiency, we have greatly simplified the factual summary.

[3] *Miranda v. Arizona*, 384 U.S. 436, 479, 86 S. Ct. 1602, 1630 (1966).

THE COURT: And I have been informed by your counsel that you desire to waive your right to have a trial by jury.

THE DEFENDANT: Yes, sir.

THE COURT: Is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: All right. You have previously entered a plea of not guilty to the charge at the time of arraignment, but you're telling me now that you want to change that plea to that of guilty to the charge. Is that right?

[DEFENSE COUNSEL]: No, Your Honor. He's going to plead not guilty. He just wants to try it to the Court.

THE COURT: All right. And you want to give up your right to have a jury trial then; is that right?

THE DEFENDANT: Yes, and to —

THE COURT: Pardon me?

THE DEFENDANT: Yes, and to appoint another lawyer.

THE COURT: Uh-huh. Well, I can tell you right now that's not going to happen. Okay? I deny any request for a change of counsel at this late date. We're here ready for a trial by jury. I'm not going to agree to that.

THE DEFENDANT: I haven't had any contact with my lawyer except for the time that she come just before court, so no time to work on anything in this case. So it's come to the last minute and there's nothing done. We haven't discussed anything that — as far as any extenuating circumstances that may have led to this or, you know, something that we could have called some witnesses. But we've not done that in over a year and a half. She repeatedly has not taken any phone calls or letters from me in all of that time except for the time that she came up here before court, and so I believe that she has not done any kind of responsible job in — in this. And there may have been some things that

4

we could have worked on a year ago and had something to come to court with now, and there's — it's just too late now, if we do not have another lawyer, to do something or extend the time to be able to talk to potential witnesses or people that could be a help in this case.

THE COURT: Yes, ma'am?

[DEFENSE COUNSEL]: Your Honor, I was told today that he wished me to withdraw this morning, so I — I — because of that wish, I'm going to make an oral motion to withdraw. I have seen him more than just a year and a half ago. I saw him last month. I saw him twice very recently —

THE DEFENDANT: Just before court —

[DEFENSE COUNSEL]: Excuse me.

THE COURT: Don't interrupt. Okay?

THE DEFENDANT: Sorry.

THE COURT: Yes.

[DEFENSE COUNSEL]: — because I felt like he was going to go to trial last month, so we talked last month. I — honestly, I don't know what he's talking about, but I will, on his wishes, make a[n] oral motion to withdraw.

THE COURT: Well, that's denied.

Against defense counsel's advice, Appellant waived a jury and, in the event that he was found guilty, went to the trial court for punishment. Documenting this decision, Appellant, defense counsel, the trial court judge, and the prosecutor all signed Appellant's "Waiver of Right to Trial by Jury." *See* Tex. Code Crim. Proc. Ann. arts. 1.13, 1.15.

# III. DISCUSSION

## A. Changing counsel

Our first question is whether we are reviewing one ruling (the denial of defense counsel's motion to withdraw) or two rulings (the denial of Appellant's pro se request for a different attorney and the denial of defense counsel's motion to withdraw). *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). Here, defense counsel moved to withdraw to accommodate Appellant's pro se request for different counsel. *See King v. State*, 29 S.W.3d 556, 565–66 (Tex. Crim. App. 2000). Under these circumstances, we will treat the two as presenting a single issue—whether the trial court abused its discretion by denying defense counsel's motion to withdraw when the defendant requested different counsel. *See id.* at 566.

### 1. Standard of review

We review a trial court's decision on an attorney's motion to withdraw for an abuse of discretion. *Id.*; *Johnson v. State*, 352 S.W.3d 224, 227 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *see Carroll v. State*, 176 S.W.3d 249, 256 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (reviewing trial court's ruling not to appoint substitute counsel under an abuse-of-discretion standard). The trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Johnson*, 352 S.W.3d at 227. If the trial court's ruling falls within the "zone of reasonable disagreement," then it has not abused its discretion, and we will

uphold its ruling. *Id.* Under this standard, we may only consider the information presented to the trial court at the time it made its ruling. *Id.* at 227–28.

A defendant may not manipulate his right to counsel in a manner that obstructs the judicial process or interferes with the administration of justice. *King*, 29 S.W.3d at 566. "An accused . . . may not wait until the day of trial to demand different counsel or to request that counsel be dismissed so that he may retain other counsel." *Robles v. State*, 577 S.W.2d 699, 704 (Tex. Crim. App. [Panel Op.] 1979). Further, personality conflicts and disagreements between a defendant and counsel concerning trial strategy are typically not valid grounds for withdrawal. *King*, 29 S.W.3d at 566. A trial court has no duty to search for an attorney that pleases the defendant. *Id.*

## 2. Exhibits attached to brief

As a preliminary matter, we address the exhibits that Appellant has appended to his brief. In support of Appellant's brief, he has attached:

- the January 8, 2018 order appointing defense counsel;

- the July 27, 2018 letter from the court to defense counsel (a) informing her that Appellant had written the court, (b) asking defense counsel to contact Appellant as soon as possible to determine whether she could resolve Appellant's complaints, (c) advising defense counsel to contact the court if she could not resolve Appellant's complaints, and (d) asking defense counsel to instruct Appellant not to send any more ex parte communications to the court;

- Appellant's July 18, 2018 letter complaining about defense counsel's failure to have his bond reduced and asking for a different attorney;[4]

- the June 26, 2019 letter from the court to defense counsel informing her that Appellant had sent the court a pro se motion and asking defense counsel to instruct Appellant not to file any more pro se motions; and

- Appellant's June 13, 2019 pro se motion asking for a plea bargain.

Although attached to Appellant's brief, these documents do not appear in the appellate record. We cannot consider documents attached to briefs as exhibits or appendixes that are not part of the appellate record. *Garcia v. State*, 549 S.W.3d 335, 342 (Tex. App.—Eastland 2018, pet. ref'd); *Witkovsky v. State*, 320 S.W.3d 425, 428 (Tex. App.—Fort Worth 2010, pet. dism'd) (op. on PDR).

### 3. No abuse of discretion

Defense counsel stated that she herself was not aware of Appellant's dissatisfaction until that very morning and that she had seen him twice recently to

---

[4]At first glance, a defendant who claims indigence for purposes of being appointed counsel and who then uses his appointed attorney to seek a bond reduction seems inconsistent. *See Ex parte Townes*, No. 12-09-00162-CR, 2010 WL 827612, at *3 (Tex. App.—Tyler Mar. 10, 2010, no pet.) (mem. op., not designated for publication) ("Bottom line, if you're able to bond out of jail, you're not indigent."). Statutorily though, the issue is not so straightforward. Posting bail or being capable of posting bail does not necessarily preclude the appointment of counsel. *See* Tex. Code Crim. Proc. Ann. art. 26.04(l), (m) (addressing the interplay between appointing counsel to a defendant who has posted or is capable of posting bail); *see also Townes*, 2010 WL 827612, at *3 ("The court's statement that '[b]ottom line, if you're able to bond out of jail, you're not indigent,' when viewed by itself, is contrary to the language of article 26.04."). Appellant's bail was set at $50,000.

prepare for trial. Appellant's concerns thus rang hollow. *See* Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) ("An [appointed] attorney . . . shall . . . represent the defendant until . . . permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause . . . ."). Changing counsel just as the case was going to trial would obstruct the judicial process and interfere with the administration of justice. *See King*, 29 S.W.3d at 566; *Robles*, 577 S.W.2d at 704. We hold that the trial court did not abuse its discretion by denying defense counsel's motion to withdraw and overrule Appellant's first issue.

## B. Appellant's sentence

### 1. Preservation

To preserve error for appellate review, an appellant must make a timely, specific objection and obtain a ruling from the trial court. Tex. R. App. P. 33.1. This requirement applies even to a complaint that a sentence is cruel and unusual. *Richardson v. State*, 328 S.W.3d 61, 72 (Tex. App.—Fort Worth 2010, pet. ref'd) (per curiam).

### 2. Alleged error not preserved

Appellant did not object when sentenced. He did, however, file a timely motion for new trial in which he asserted that "the sentence imposed is excessive . . . and constitutes cruel and unusual punishment." Filing a timely motion for new trial was one step toward preservation, but it was still shy of preservation.

To preserve an issue by motion for new trial, a defendant must present the motion to the trial court. *Id.* (citing Tex. R. App. P. 21.6). The defendant cannot merely

file the motion but must ensure that the trial court has actual notice of it. *Id.* A defendant shows actual notice by such things as the judge's signature or notation on a proposed order or by docket entries showing a hearing date. *Id.*

Here, Appellant's record shows no presentment. Appellant e-filed his motion and served it on the State. The motion does not reflect the trial judge's notation that Appellant had presented it to the court. Turning to the trial court's docket sheet, it is silent regarding any motion for new trial; no notations show that the motion was filed, set, or heard. In short, nothing in the record shows that the trial court had actual knowledge that Appellant had filed a motion for new trial. Thus, Appellant has not preserved his alleged error. *Id.*

### 3. No error even if Appellant had preserved his complaint

Even if Appellant had preserved his complaint, he has not shown error. *See Schneider v. State*, 645 S.W.2d 463, 466 (Tex. Crim. App. 1983); *Renfroe v. State*, 529 S.W.3d 229, 233 (Tex. App.—Eastland 2017, pet. ref'd); *Ajisebutu v. State*, 236 S.W.3d 309, 313 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

#### a. Standard of review and applicable law

We review a trial court's denial of a motion for new trial for an abuse of discretion, reversing only if no reasonable view of the record could support the trial court's ruling. *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017). This is a deferential standard of review that requires us to view the evidence in the light most favorable to the trial court's ruling. *Id.*

10

The trial court's discretion to impose a punishment within the statutory range is essentially unfettered; its discretion is subject to a very limited and exceedingly rare and somewhat amorphous gross disproportionality review. *See Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006). When conducting a proportionality review, an appellate court must compare the sentence's severity to the offense's gravity in light of (a) the harm caused or threatened to the victim or society, (b) the offender's culpability, and (c) the offender's prior adjudicated and unadjudicated offenses. *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *see Alvarez v. State*, 63 S.W.3d 578, 581 (Tex. App.—Fort Worth 2001, no pet.).

### b. Discussion

Appellant had some evidence that cast him in a favorable light. For example, during the trial on guilt, Appellant admitted sexually abusing Robin, so he accepted responsibility. He also acknowledged the harm that he had caused: "I had hurt [Mother] in doing this and — and I had that — that — that trust in me. [Mother] trust[ed] me. I — I've spent my life trying to take care of [her], and — and I — I genuinely care about [Mother] and [Robin] . . . ."

Further, during the punishment trial, Appellant presented three witnesses: (1) his girlfriend for the past 38 years, (2) his younger brother, and (3) a friend that he had since 1980. All three spoke highly of him. Appellant's brother asked for a lower-range

punishment: "[Appellant is] pushing 60 years old, and the minimum sentence is — what I'm told is 25 years. He'll be 85."[5]

Finally, Appellant's criminal history was minimal. He had three misdemeanor convictions, the last one occurring in 1991. So, Appellant had no prior felonies, and he had not committed a misdemeanor in many years.

Yet not all the information was favorable. Mother testified that Robin was experiencing behavioral issues; for example, Robin could have only female teachers at school. Robin had also experienced nightmares and was seeing a psychiatrist.

Appellant also abused family trust. Robin was Appellant's stepdaughter's child— his own grandchild. Mother testified, "[Appellant's] my stepfather, but I have no other father in my life, so he's my father." She added, "I've known him my whole life. . . . My earliest memory is with him."

The offense launched Mother and Robin into a period of housing instability. Because of this offense, Mother and Robin moved out of Appellant's home and had to live in a homeless shelter for about two weeks. They moved three times before finally settling down.

Most damaging, though, was the offense itself. Appellant admitted to sexually abusing Robin at least thirty times, and he further admitted that he would abuse her

---

[5]Appellant's brother was correct; the minimum sentence was 25 years. *See* Tex. Penal Code Ann. § 21.02(h).

two—sometimes three—times a day. A single act of indecency with a child by contact is a second-degree felony with a punishment range of imprisonment for any term of not more than 20 years or less than 2 years and a fine not to exceed $10,000. *See* Tex. Penal Code Ann. §§ 12.33, 21.11(a)(1), (d). Although Appellant stood convicted of only one offense, his underlying criminal conduct was methodical and repetitive over a concentrated period of time.

We hold that Appellant's punishment was neither grossly disproportionate to the offense nor cruel and unusual. *See Alvarez*, 63 S.W.3d at 581. We overrule Appellant's second issue.

## IV. CONCLUSION

Having overruled both of Appellant's issues, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 20, 2020

13