**Opinion filed October 28, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00325-CR

_____

## MICHAEL GREGORY SCHIBI, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 10841-D**

## O P I N I O N

This is an appeal from a judgment in which the trial court revoked Appellant's deferred adjudication community supervision and adjudicated his guilt. Appellant challenges his conviction via a collateral attack on the original order deferring the adjudication of his guilt for aggravated assault family violence. He asserts that his

sentence was illegal and that the order was void. Because we find that we lack jurisdiction to consider Appellant's two issues, we dismiss the appeal.

In 2013, the State charged Appellant by information with aggravated assault family violence as follows:

> [Appellant] . . . did then and there intentionally and knowingly use a deadly weapon, to-wit: A KNIFE, that in the manner of its use and intended use was capable of causing death and serious bodily injury, and the [Appellant] did then and there intentionally and knowingly threaten [victim], a member of [Appellant's] family and/or household, with imminent bodily injury by the use of said deadly weapon . . . .

Appellant waived indictment and signed a stipulation of evidence that tracked the language of the information. As the allegation is worded in the information, the State charged Appellant with the second-degree felony offense of aggravated assault family violence. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2019). A second-degree felony carries a punishment range of imprisonment for two to twenty years, and a fine of up to $10,000 may also be imposed. *Id.* § 12.33.

Although the offense of aggravated assault family violence is a second-degree felony, it may be enhanced to a first-degree felony if the actor uses a deadly weapon in the assault and causes serious bodily injury to a person with whom the actor has a familial relationship as defined in the Family Code. *Id.* § 22.02(b)(1). A first-degree felony carries a punishment range of imprisonment for five to ninety-nine years or life, and a fine of up to $10,000 may also be imposed. *Id.* § 12.32.

At the 2013 plea hearing, the trial court admonished Appellant in open court that the applicable punishment range for the charged offense was for a first-degree felony. In that regard, the written plea admonishments executed by Appellant, defense counsel, the prosecutor, and the trial court indicated that the applicable punishment range was for a first-degree felony. The trial court also admonished

Appellant that because it was a plea-bargain case, Appellant would not have a right of appeal if the trial court accepted the plea bargain.

After Appellant pleaded guilty, the trial court entered a written "Order of Deferred Adjudication" that provided that Appellant was placed on deferred adjudication for a first-degree felony. The trial court placed Appellant on community supervision for a period of seven years. The trial court also executed a certification of defendant's right of appeal wherein the trial court indicated that it was a plea-bargain case and that Appellant had no right of appeal.

In 2019, the State filed a motion to adjudicate Appellant's guilt. The State alleged that Appellant had violated several of the terms and conditions of his community supervision. At the revocation hearing, Appellant pleaded true to all of the violations alleged in the motion to adjudicate. The trial court announced that it was finding Appellant guilty of aggravated assault family violence as alleged by the State based upon Appellant's plea of guilty in 2013. The prosecutor announced to the trial court that an agreement had been reached with Appellant on the punishment to be assessed. Pursuant to that agreement, the trial court assessed Appellant's punishment at confinement for eight years in the Institutional Division of the Texas Department of Criminal Justice. Once again, the trial court's written "judgment adjudicating guilt" indicated that Appellant was convicted of a first-degree felony.

Appellant now brings two issues on appeal. In his first issue, he asserts that he was illegally sentenced to a first-degree felony. In his second issue, Appellant challenges the sufficiency of the evidence supporting his conviction for first-degree aggravated assault family violence. During the pendency of this appeal, Appellant has also asserted that the original order deferring the adjudication of Appellant's guilt was void.

*Analysis*

The present proceeding is a direct appeal of the revocation and adjudication proceedings, not a direct appeal from Appellant's original plea proceeding. In *Manuel v. State*, the Texas Court of Criminal Appeals held that "a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed." 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). The court has consistently applied this principle to find procedural default. *See Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015); *Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014); *Wiley v. State*, 410 S.W.3d 313, 319, n.33 (Tex. Crim. App. 2013); *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). Thus, in an appeal from a revocation proceeding, the defendant is generally limited to challenging the grounds for revocation. *See Wright v. State*, 506 S.W.3d 478, 481 (Tex. Crim. App. 2016) ("The general rule is that an attack on the original conviction in an appeal from revocation proceedings is a collateral attack and is not allowed.").

In *Nix*, the Texas Court of Criminal Appeals recognized an exception to the general rule for instances when the original deferred-adjudication order is void. 65 S.W.3d at 667–68; *see Whillhite v. State*, 627 S.W.3d 703, 705 (Tex. App.—Austin 2021, pet. ref'd) (citing *Nix*, 65 S.W.3d at 667–68). The "void judgment" exception requires that the claimed defect be one that renders the original judgment void. *Wright*, 506 S.W.3d at 481 (citing *Nix*, 65 S.W.3d at 667–68). By void, the exception means a "nullity" that is "accorded no respect due to a complete lack of power to render the judgment in question." *Id.* (quoting *Nix*, 65 S.W.3d at 667–68).

In *Nix*, the court listed four situations in which a judgment of conviction in a criminal case is void. *Id.* (citing *Nix*, 65 S.W.3d at 668). Those four situations are:

(1) the document purporting to be a charging instrument does not satisfy the constitutional requisites of a charging instrument, (2) the trial court lacks subject-matter jurisdiction over the offense charged, (3) the record reflects that there is no evidence (not merely insufficient evidence) to support the conviction, and (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived in violation of the right to counsel for indigent defendants. *Id.* at 482 & n.26 (citing *Nix,* 65 S.W.3d at 668 & nn.12–15); *Garcia v. State*, 549 S.W.3d 335, 341 (Tex. App.—Eastland 2018, pet. ref'd).

Appellant asserts that the void judgment exception is applicable under three of the grounds recognized in *Nix*. He first asserts that the trial court did not have subject-matter jurisdiction over the offense charged. *See Nix*, 65 S.W.3d at 668 & n.13. However, the information charged Appellant with a second-degree felony over which the district court had jurisdiction. *See* TEX. CONST. art. V, § 8 (setting out jurisdiction of district courts); TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2015) ("District courts and criminal district courts shall have original jurisdiction in criminal cases of the grade of felony, of all misdemeanors involving official misconduct, and of misdemeanor cases transferred to the district court under Article 4.17 of this code."). Accordingly, the void judgment ground is inapplicable.

Appellant also asserts that the original judgment placing him on deferred adjudication was void because there was no evidence to support his conviction for first-degree aggravated assault family violence. *See Nix*, 65 S.W.3d at 668 & n.14. He contends that the evidence was insufficient because there was no evidence of bodily injury. We disagree.

The "no evidence" standard required to trigger the void judgment exception is a higher standard than an insufficient evidence standard in a direct appeal. *See generally Ex parte Williams*, 703 S.W.2d 674, 679 (Tex. Crim. App. 1986) (citing

5

*Ex parte Moffett*, 542 S.W.2d 184 (Tex. Crim. App. 1976)) (recognizing that *Moffett*'s no-evidence finding was grounded in Due Process). For the void judgment exception to apply, Appellant must show "a complete lack of evidence to support [his] conviction, not merely insufficient evidence." *Nix*, 65 S.W.3d at 668 n.14; *see also Crume v. State*, 342 S.W.3d 241, 244 (Tex. App.—Beaumont 2011, no pet.) (finding that "the record must show a due process violation arising from a complete absence of evidence" for the void judgment exception to apply). Stated another way, Appellant's conviction is not void if there is *any* evidence supporting his conviction.

Here, the record reflects that Appellant entered a plea of guilty to the charged offense. A guilty plea has the effect of admitting all material facts in the formal criminal charging instrument. *Williams*, 703 S.W.2d at 682. Thus, "[a] guilty plea constitutes some evidence" for the purpose of the void judgment exception. *Nix*, 65 S.W.3d at 668 n.14 (citing *Williams*, 703 S.W.2d at 682). Because a guilty plea is some evidence, Appellant cannot show that his conviction is supported by no evidence.

The Fort Worth Court of Appeals addressed a similar situation in *Fox v. State*, No. 02-19-00240-CR, 2020 WL 579111 (Tex. App.—Fort Worth Feb. 6, 2020, pet. ref'd) (mem. op., not designated for publication). The defendant in *Fox* was placed on deferred adjudication in 2012. *Id.* at *1. The State later filed a motion to adjudicate. *Id.* In her appeal from the revocation proceeding, the defendant asserted that there was a lack of evidence to support her initial guilty plea. *Id.* Citing *Wright* and *Nix*, the court held that the defendant's "guilty plea itself" precluded her contention that the original judgment was void for no evidence. *Id.* at *2. Thus, her attempt to collaterally attack the original proceeding was precluded under *Manuel*. *Id.* (citing *Manuel*, 994 S.W.2d at 662).

Finally, Appellant contends that his sentence was illegal. He cites our opinion in *Garcia v. State* in support of this contention. *Garcia* involved a defendant appealing from a judgment revoking his community supervision. 549 S.W.3d at 339. He sought to collaterally attack his original conviction on the basis that the trial court assessed an illegal sentence when it revoked his community supervision. *Id.* Specifically, the defendant asserted that the state-jail felony with which he was charged was improperly enhanced to that of a third-degree felony. *Id.* Upon revocation, he was sentenced to confinement for six years—a punishment that exceeded the punishment range for a state-jail felony. *Id.* at 339–40 (citing PENAL § 12.35). We cited *Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013), for the proposition that "[a] 'sentence that is outside the range of punishment authorized by law is considered illegal.'" *Id.* at 340. We concluded that the defendant's sentence was illegal and that it rendered his original conviction void, thereby permitting the defendant's collateral attack to proceed after revocation. *Id.* at 339–41.

The circumstances in *Garcia* are distinguishable. The defendant in *Garcia* was actually charged with a state-jail felony, but upon revocation, he received a sentence that exceeded that for a state-jail felony. Here, Appellant was charged with a second-degree felony. However, the eight-year sentence that he received on revocation fell within the range of punishment for a second-degree felony. Therefore, Appellant's sentence was not illegal because it was not outside the range authorized for a second-degree felony. *See Ex parte Parrott*, 396 S.W.3d at 534. Accordingly, the narrow exception we recognized in *Garcia* for an illegal sentence is not applicable to Appellant's situation.

Appellant has failed to establish that the void judgment exception applies. Accordingly, he cannot collaterally attack the original plea proceeding and order of

deferred adjudication.  Because Appellant cannot collaterally attack the original plea proceeding and because he does not present any issue challenging the grounds for the revocation of his deferred adjudication community supervision, we agree with the State that this appeal should be dismissed for want of jurisdiction.[1]

*This Court's Ruling*

We dismiss this appeal for want of jurisdiction.


JOHN M. BAILEY
CHIEF JUSTICE


October 28, 2021

Publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We express no opinion on the availability of any post-conviction remedies which might exist by way of habeas corpus relief.